UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **JAMES BARWICK, AND CHERYL BARWICK,**<br><br>Plaintiffs,<br><br>v.<br><br>**DILLARD HOUSE, INC., LOUISE DILLARD, JOHN DILLARD, ABC CORPORATIONS 1-3, AND JOHN DOE 1-3,**<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br>FILE NO.:  2:22-CV-173-RWS |

## COMPLAINT FOR DAMAGES

NOW COMES, Plaintiffs, JAMES AND CHERYL BARWICK, by and through their undersigned counsel, files this Complaint for Damages against the Defendants and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs are residents of the State of Florida.

2. Defendant, Dillard House, Inc. is a for profit corporation authorized to do business in the State of Georgia with its principal place of business located at 768 Franklin Street, Dillard, GA 30537. Service may be perfected on Defendant by

1

serving its Registered Agent, Louise Dillard, located at 1158 Franklin Street, (Rabun County) Dillard, GA 30537.

3. Defendant Louise Dillard is the CEO and CFO of Dillard House Inc. and resides at 2907 Bettys Creek Road, Rabun Gap, GA 30568 and can be personally served at that address.

4. Defendant John Dillard is the manager for the restaurant at Dillard House and resides at 258 Green Meadows Drive, Rabun Gap, GA 30568 and can be personally served at that address.

5. Defendants John Doe 1-3 are presently unknown persons or entities whose acts or omissions caused or contributed to cause Plaintiff's injuries and damages.

6. John Doe 1-3 may have participated in operating and/or maintaining the premises at issue.

7. The identities of Defendants John Doe 1-3 are unknown to Plaintiff but are known to Defendants.

8. Defendants John Doe 1-3 are subject to the jurisdiction of this Court.

9. Defendants ABC Corporation 1-3 are entities that may have liability in this case.

10. The identities of Defendants ABC Corporation 1-3 are unknown to Plaintiff but are known to Defendants.

11. Jurisdiction is proper in this Court.

12. Venue is proper in this Court.

13. The damages sought by Plaintiffs in this action are within the Court's minimal jurisdictional limits, exclusive of interest and costs, of $75,000.00.

14. Jurisdiction in this Court for Plaintiffs' claims is appropriate as there is complete diversity between the parties.

## SUMMARY OF CLAIMS

15. Plaintiffs, James and Cheryl Barwick, were business invitees legally present on the premises of The Dillard House Restaurant located at 768 Franklin Street, Dillard, GA 30537, and is a dining facility where Plaintiffs were celebrating their wedding anniversary on September 3, 2020.

16. Defendants owed a duty to Plaintiffs to exercise ordinary care in keeping its premises and approaches safe.

17. In the course of their visit, Plaintiff, James Barwick, got up from his table to go to the restroom.

18. In the course of walking to the restroom, Plaintiff, James Barwick, tripped over a paint can that was left unattended and unmarked at the entrance of the men's restroom.

19. The paint can in question was placed at the bathroom door, presumably to keep the door propped open.

20. Plaintiff did not see the paint can prior to tripping over the can and falling into the men's bathroom, therefore he could not reasonably anticipate or prevent his injury.

21. As a result of tripping over the paint can in question, Plaintiff, James Barwick, fell onto the men's bathroom floor causing him to suffer severe and permanent personal injuries.

22. Plaintiff was transported to the Emergency Room for immediate care. After diagnostic evaluation he was subsequently diagnosed with a contusion to the left lung and a rib contusion. Plaintiff was also treated for right shoulder pain and received subsequent medical treatment.

23. Plaintiff has incurred special damages (medical treatment and expenses) as well as compensatory damages (physical pain and suffering, mental anguish and loss of household services).

24. Plaintiff Cheryl Barwick asserts a claim for loss of consortium as a result of her husband's injuries.

25. As a direct and proximate result of Defendants' negligence, failure to warn, failure to inspect, failure to maintain Plaintiff, James Barwick, has incurred and will

continue to incur significant medical expenses, and has experienced and will continue to experience physical, mental, and emotional pain and suffering, and loss of quality and enjoyment of life. The resulting damages to Plaintiff, James Barwick, are permanent and ongoing.

26. Plaintiff, James Barwick, had no way of knowing of the unreasonably dangerous conditions.

27. Plaintiff, James Barwick, did not cause or contribute to his injuries and made every effort to timely mitigate against his injuries.

## **LIABILITY**

28. At all times relevant to this matter, Plaintiff, James Barwick, was a business invitee.

29. At all times relevant to this matter Defendants owned, operated, managed and/or maintained the premises at issue.

30. Defendants had an obligation pursuant to regulation and reasonable care to ensure that the premises were safe to its invitees, including but not limited to, Plaintiff, James Barwick.

31. This entails a duty to Defendants to exercise ordinary or reasonable care to keep obstacles that could cause injury to the business invitees from hallways, and passageways.

32. Defendants breached such duty by allowing the paint can to be used as a prop to hold open the men's bathroom door without warning to its invitees of this dangerous condition.

33. This negligent conduct amounts to willful and wanton conduct and constitutes reckless disregard to the safety of others as Defendants failed, after knowledge of impending danger, to exercise ordinary care to prevent or to discover the danger when it could have been discovered by the exercise of ordinary care.

34. Defendants had actual or constructive knowledge of each of the violations of their duties described herein and the dangers these, and other, violations presented to the health and safety of their business invitees such as Plaintiff.

35. Defendants failed to exercise reasonable care to keep the men's bathroom reasonably safe and suited for the invitees' intended use, and free from hidden defects and dangers which would have been discovered through the exercise of ordinary care by the Defendants.

36. As a direct and proximate result of Defendants' negligent conduct, Plaintiff, James Barwick was injured and is entitled to an award of special damages against the Defendants for past and future medical expenses in an amount to be shown at trial, and general damages in an amount to be determined by the enlightened conscience of a jury of his peers, plus such other special and compensatory damages

as each has suffered in a total amount to be determined by a jury of their peers.

37.　At all times and in all matters mentioned above, Plaintiff, Cheryl Barwick, was the lawful wife of Plaintiff, James Barwick.

38.　As a result of the injuries suffered by her husband due to the negligent conduct of the Defendants, Plaintiff, Cheryl Barwick, has suffered loss of consortium damages for the disruption of her and her husband's marriage and quality of life due to the injuries suffered by Plaintiff, James Barwick.

39.　Plaintiff, Cheryl Barwick, is entitled to an award of general damages for loss of consortium in an amount to be determined by the enlightened conscience of a jury of her peers.

## ATTORNEYS FEES

40.　At all times and in all matters mentioned above, Defendants have acted with stubborn litigiousness and has caused Plaintiff unnecessary trouble and expense thereby entitling Plaintiff to recover reasonable attorney fees and other expenses of litigation pursuant to Fed.R.Civ.P. 54(d)(2)(B) and applicable State Law.

　WHEREFORE, Plaintiffs pray for the following relief:

　　(a)　that Defendants be served with process;

　　(b)　that Plaintiffs recover all special and compensatory damages permitted by law including, but not limited to, conscious pain and suffering as well as past and future medical expenses and

        loss of consortium in an amount in excess of $75,000.00;

(c)      That Plaintiffs be awarded interest on the damages award;

(d)      that Plaintiffs have a trial by a jury of twelve on all issues;

(e)      that all costs be taxed against the Defendants; and

(f)      for such other and further relief as the Court deems just and appropriate.

This 1st day of September, 2022.

Respectfully submitted,

**WITT LAW GROUP**

By:/s/Susan M. Witt
Susan M. Witt
Georgia Bar No.: 436517
*Attorney for Plaintiffs*

2740 Bert Adams Road
Atlanta, Georgia 30339
T: 404.892.4900
F: 404-935-9304
switt@wittlawgroup.com